# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>                      Plaintiff,<br><br>v.<br><br>JOHN DOE subscriber assigned IP address 107.193.49.20,<br><br>                      Defendant. | Case No.: 21-CV-61-BAS-WVG<br><br>**ORDER ON PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO SERVE A THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(F) CONFERENCE** |

      Pending before this Court is Plaintiff's January 27, 2021 Ex Parte Application for Leave to Serve a Third-Party Subpoena Prior to a Rule 26(f) Conference ("Ex Parte Application"). (Doc. No. 4.) Plaintiff moves the Court for leave to serve a third-party subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure ("Rule 45") to obtain certain limited information, namely Defendant's true name and address. The reason Plaintiff cites for its request to serve such subpoena is that, "without this information, Plaintiff cannot serve Defendant nor pursue this lawsuit and protect its copyrights." (*Id.*, 8:6-7.) Having reviewed and considered Plaintiff's moving papers, the Court agrees with Plaintiff and hereby GRANTS Plaintiff's Ex Parte Application, as explained below.

      As a general matter, Rule 26(d)(1) of the Federal Rules of Civil Procedure does not permit the parties to engage in discovery absent a court order prior to the Rule 26(f)

conference. R. Civ. P. 26(d)(1). Concurrently, Rule 26(d)(1) is not absolute, and courts may make exceptions for limited discovery upon a showing of good cause. *Strike 3 Holdings, LLC v. Doe*, 2017 WL 6389848 at *1 (S.D. Cal., Dec. 14, 2017). One particular exception arises in cases such as the instant matter, where a plaintiff requires limited discovery "to learn the identifying facts necessary to permit service on the defendant." *Criminal Prods., Inc. v. Doe-72.192.163.220*, 2016 WL 6822186 at *1 (S.D. Cal. Nov. 18, 2016).

Plaintiff has met its burden here. At present, Plaintiff has identified Defendant with as much specificity as possible by providing Defendant's internet protocol ("I.P.") address. See *Holdings, LLC, v. Collective of Dec. 29, 2011 Sharing Hash*, 2012 WL 1648838 at *4 (S.D. Cal. May 4, 2012). Further, Plaintiff avers it has taken diligent steps to identify Defendant's true name and address through informal discovery methods, including by conducting "various web search[es], "its own diligent research," "reviewing numerous sources of authority," and "discuss[ing] the issue at length with computer investigators and cyber security consultants." (Doc. No. 4, 14:6-12.) Additionally, the Ex Parte Application alleges the elements of direct copyright infringement and shows the Complaint could withstand a motion to dismiss, if one were brought. Specifically, Plaintiff has evidenced it is the owner of a valid copyright; Defendant John Doe downloaded and distributed Plaintiff's files without Plaintiff's consent; and that, by doing so, Defendant "triggered a cascade of technical operations, making Defendant the proximate cause of all of the violations of Plaintiff's copyright." (*Id.* 16:19-27.) Finally, Plaintiff sets forth sufficient facts to demonstrate there is a reasonable likelihood it can identify Defendant's true name and address to effectuate proper service upon issuance of a Rule 45 subpoena. (*Id.*, 17:11-18:4.) For these collective reasons, the Court finds good cause exists to grant Plaintiff's Ex Parte Application, subject to the procedural safeguards outlined below.

Within ten (10) days of issuance of this Order, Plaintiff shall serve a subpoena pursuant to Rule 45 upon AT&T U-verse that seeks to obtain (1) the true name of Defendant John Doe and (2) Defendant John Doe's address. No other information may be

solicited through the aforementioned subpoena, and Plaintiff shall not use the disclosed information for any other purpose except to protect its rights through this litigation. Further, the return date of the subpoena shall allow for at least forty-five (45) days from service to production.

Next, within fourteen (14) calendar days of service of the subpoena, AT&T U-verse shall notify Defendant John Doe of the subpoena as served by Plaintiff and its contents. Should AT&T U-verse seek to quash the subpoena, it shall do so before the return date of the subpoena.

Further, from the date of AT&T's notice of subpoena to Defendant John Doe, Defendant John Doe shall have thirty (30) calendar days to oppose the disclosure of his/her true name and/or address by filing an appropriate pleading with this Court.

Finally, Plaintiff shall serve a copy of this Court's Order with any subpoena served pursuant to this Order to AT&T U-verse. AT&T U-verse must then provide a copy of this Order to Defendant John Doe concurrent with its notice of Plaintiff's Rule 45 subpoena to Defendant John Doe.

**IT IS SO ORDERED.**

Dated: February 4, 2021

Hon. William V. Gallo
United States Magistrate Judge